FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2011 JUN 24  AM 10: 48

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

NAOMI TORRES,

    **Plaintiff,**

v.

Case No.: 5:11-cv-375-Oc-10DAB
Division:

DAVIS COMPANIES, LLC

    **Defendant.**

_____/

## COMPLAINT
(JURY TRIAL DEMANDED)

Plaintiff, NAOMI TORRES ("Plaintiff"), by and through her undersigned counsel, hereby sues Defendant, DAVIS COMPANIES, LLC ("Defendant") and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000.00 for violations of the Florida Civil Rights Act ("FCRA"), 760.10 et. seq. Fla. Stat., Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Fair Labor Standards Act ("FLSA").

2. Venue is proper because the events giving rise to this claim arose in this Judicial District.

### PARTIES

3. Plaintiff is an "employee" within the meaning of the FCRA, Title VII, and the FLSA.

4. Defendant is authorized and doing business in this Judicial District.

5. Defendant is an "employer" within the meaning of the FCRA, Title VII, and the FLSA.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all of the procedural and administrative requirements set forth in the FCRA and Title VII and has otherwise fulfilled all the conditions precedent to the institution of this action.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and subject to the individual coverage of the FLSA.

10. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA.

11. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by the Defendant.

12. Plaintiff was employed by the Defendant as a non-exempt employee.

## FACTS

13. Plaintiff is a female.

14. Plaintiff applied for the position of Assistant Manager with the Defendant on or about August 11, 2009. Before applying, Plaintiff worked at the same location but for a different company. Management changed shortly before August 11, 2009; at that time each employee was required to reapply for positions with the Defendant.

15. Excluding Plaintiff, each employee who reapplied for his or her position was either hired or they left on their own terms.

16. During the interview process, Defendant's owner asked Plaintiff, who was pregnant at the time, how far along she was into her pregnancy and how much time off she was planning to take as a result of her pregnancy. Defendant told Plaintiff that her pregnancy would be a problem going forward with the company.

17. When Plaintiff was not rehired, she was told that there were no positions available and that Plaintiff's position had been eliminated.

18. Plaintiff's position was not eliminated and other positions were available; both a leasing consultant and a manager decided to leave the company during the rehire process.

19. Defendant hired a male to replace Plaintiff.

20. At all times material hereto, Plaintiff worked over 40 hours each week and was not paid time and one half for each hour in excess of 40 hours per week.

## COUNT I--FCRA
### (Pregnancy Discrimination)

21. Plaintiff realleges and readopts the allegations of paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22. The foregoing actions of Defendant constitute discrimination in violation of the FCRA.

23. Plaintiff has suffered loss of wages and other employment benefits and emotional pain, anguish, and hurt because of the actions of Defendant.

**WHEREFORE**, Plaintiff demands:

(a) That process issue and this Court take jurisdiction over this case;

(b) Judgment against the Defendant and for the Plaintiff awarding compensatory and punitive damages against Defendant for the Defendant's violations of law enumerated herein;

(c) Judgment against the Defendant and for the Plaintiff permanently enjoining Defendant from future violations of law enumerated herein and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(e) Prejudgment interest on all monetary recovery obtained;

(f) Judgment against the Defendant and for the Plaintiff awarding the Plaintiff attorney's fees and costs; and

(g) Such further relief as is equitable and just.

<u>**COUNT II--TITLE VII**</u>
**(Pregnancy Discrimination)**

24. Plaintiff realleges and readopts the allegations of paragraphs 1 through 20 of this Complaint as though fully set forth herein.

25. The foregoing actions of Defendant constitute discrimination in violation of the Title VII.

26. Plaintiff has suffered loss of wages and other employment benefits and emotional pain, anguish, and hurt because of the actions of Defendant.

**WHEREFORE**, Plaintiff demands:

(a) That process issue and this Court take jurisdiction over this case;

(b) Judgment against the Defendant and for the Plaintiff awarding compensatory and punitive damages against Defendant for the Defendant's violations of law enumerated herein;

(c) Judgment against the Defendant and for the Plaintiff permanently enjoining Defendant from future violations of law enumerated herein and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(e) Prejudgment interest on all monetary recovery obtained;

(f) Judgment against the Defendant and for the Plaintiff awarding the Plaintiff attorney's fees and costs; and

(g) Such further relief as is equitable and just.

## COUNT III – FLSA
## (OVERTIME VIOLATIONS)

27. Plaintiff realleges and readopts the allegations of paragraphs 1 through 20 of this Complaint as though fully set forth herein.

28. During the statutory period, Plaintiff worked overtime hours while employed by Defendant and was not compensated for these hours in accordance with the FLSA.

29. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

(a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate.

(b) Judgment against Defendant that its violations of the FLSA were willful;

(c) An equal amount to the overtime damages as liquidated damages;

(d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

(e) All costs and attorney's fees incurred in prosecuting these claims; and

(f) For such further relief as the Court deems just and equitable.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury as to all issues and Counts.

Dated this 23rd day of June, 2011.

Respectfully submitted,

/s/ Luis A. Cabassa

LUIS A. CABASSA
Florida Bar No. 053643
Wenzel Fenton Cabassa, P.A.
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Telephone: (813) 224-0431
Facsimile: (813) 229-8712
lcabassa@wfclaw.com
**Attorney for Plaintiff**